## GEORGE H. CHAPIN *vs.* JOHN N. BRIDGES.

**Worcester.** October 1. — 5, 1874. COLT & MORTON, JJ., absent.

A. employed a real estate agent to sell his farm, and agreed in writing to pay him a certain sum " if it is sold to any party within a year from this date, or at any time thereafter, before I have given you thirty days' notice in writing of my intention to withdraw the property from the market." *Held*, that the clause relative to withdrawing the property from the market applied only to the time after the expiration of the year.

Evidence that a real estate broker has advertised a farm for sale, that his agent took several persons to the farm with a view to purchase, and talked upon the subject with others, one of whom testified that he had purchased the farm from the owner in person, paid him money on the farm, and moved himself and his goods upon it, is sufficient (no objection being taken to its competency) to warrant a finding that the broker had faithfully endeavored to sell the farm, and that the owner had made an agreement, binding upon him, to sell it.

CONTRACT upon the following written agreement signed and delivered by the defendant to the plaintiff : " Geo. H. Chapin : Sir, I hereby place the property, of which a description has been given, in your hands for sale. If the same is sold to any party within a period of one year from this date, or at any time thereafter, before I have given you thirty days' notice in writing of my intention to withdraw the property from the market, I hereby promise to pay you the sum of three hundred dollars for your services in selling, or endeavoring to sell, said property. If not sold, I am to be at no expense except for advertising. Warren, October 25, 1871."

Trial in the Superior Court, before *Allen*, J., who after a verdict for the plaintiff, allowed a bill of exceptions in substance as follows :

The plaintiff introduced the following testimony, which was all the testimony in the case : George W. Doane testified : " The plaintiff is a real estate broker and lives in Boston. I was in his employ in October, 1871, and so continued till the next July. I advertised and did business in the name of the plaintiff, and as his agent. I took parties to see the farm. I showed the farm to eight or ten parties. It was five miles from my office in Brookfield to the farm. My brother came to me with Hall. The place was advertised in a newspaper in Boston in March, 1872. I took Hall and his son to one Bliss, in Brookfield. Talked with them

about the farm. Told him I had the farm for sale, price $5500. Tried to have him go with me to see it. He did not go. I had 20 or 30 farms in that vicinity to sell. Received the following letter from the defendant: 'Warren, February 4, 1872. Mr. George W. Doane, Dear Sir : I have sold my farm, so that you will not need to be to any further trouble with it, hoping you success, I remain, yours truly, J. N. Bridges.' Saw the defendant at my office about ten days after the letter. He said he wanted me to go on again and sell his farm; that Hall had backed out. I said I would do it. I saw Hall in Worcester. Told him he had better go back and buy this farm. Talked with him nearly an hour. He questioned me about it and I answered. This was two weeks after I received the letter from Bridges. I received the following letter from the defendant: 'Warren, March 2, 1872. Mr. George W. Doane, Dear Sir : I don't wish to have my farm any longer in the market, therefore I give you thirty days' notice of my intention to withdraw it from the same; please write acknowledging the note. Yours Truly, J. N. Bridges.'" Cross-examination: "I did not communicate my contract with the plaintiff to the defendant. Have testified all I know that was done by plaintiff." Re-examination: "All I did was done under the contract declared on."

George Clark testified : " I worked for Doane in 1871. I was in the employment of Doane, not of Chapin. I went to the farm several times with parties to show them the property."

William G. Hall testified : " I lived in Worcester in February, 1872. Moved on to the defendant's farm in 1872. Moved my goods on the last of February, or first of March. I made my trade with the defendant. I had refusal of the farm before I saw Doane about the farm at Brookfield, on the Bliss farm. He said 'he had another farm, the Bridges farm. I had seen the Bridges farm. Had refusal of it from Bridges. Doane praised it up. Went to the defendant's farm from my interview with Doane, and told the defendant I would take the farm. This first trade with the defendant fell through. We agreed to back out. I saw Doane after that in Worcester. He praised up the farm and advised me to buy it. Spoke of its advantages and the fruit that was on it. Don't know as I did anything in consequence of what took place with Doane. I moved up afterwards. Not long after

wards I went up to see the defendant. Don't know as anything was said about the place. There was a new agreement with the defendant. This was before I saw Doane in Worcester. My son and myself went up to the farm. Paid Bridges money on the farm. Can't tell whether it was before I met Doane in Worcester. Moved up afterwards. I told Doane at Worcester I was going to buy the farm. Trade closed before March 1, 1872. Bridges said Doane had the farm for sale. Don't know when he said it. It was in course of the trade." Cross-examination : " I never saw Chapin in the course of these transactions."

Upon notice from the plaintiff the defendant produced a letter from Bridges to Chapin, dated February 26, 1872, and the same was read to the jury, with the reply of Chapin. These were as follows : " Warren, February 26, 1872. Mr. George H. Chapin, Dear Sir : As I do not wish to have my farm, which is now in your hands, for sale any longer in the market, I hereby give you thirty days' notice of my intention to withdraw it from the market; your agent, George W. Doane, is the one that took the farm to sell. Yours truly, J. N. Bridges." " Dear Sir : As Mr. Doane is the man who took the place please apply to him and arrange the matter. Yours truly, George H. Chapin."

At the close of the plaintiff's case the defendant stated that he should not introduce any testimony, and asked the judge to rule that the plaintiff was not entitled to recover upon the foregoing evidence ; and further asked the judge to rule that if the defendant sold the farm after he had given the plaintiff thirty days' notice in writing of his intention to withdraw the property from the market, though less than one year from the date of the contract, the plaintiff could not recover ; but the judge declined to give the rulings prayed for, and instructed the jury that upon the foregoing evidence the plaintiff was entitled to a verdict for $300, and interest from the date of the writ. The jury returned a verdict for the plaintiff for this amount, and the defendant alleged exceptions.

*T. L. Nelson*, for the defendant.

*F. T. Blackmer*, for the plaintiff, was not called upon.

GRAY, C. J. This action is brought upon an agreement in writing, by the terms of which, according to their plain meaning, the defendant in October, 1871, employed the plaintiff, a broker

in Boston, to sell his farm in Brookfield, and promised to pay him $300 for his services in selling or endeavoring to sell it, in either of two alternatives: 1st, of its being sold (whether by the plaintiff or by the defendant without his intervention) to any person within a year; or, 2d, of its being so sold at any time afterwards and before the defendant had given the plaintiff thirty days' notice in writing of a revocation of his authority. To hold the provision for such notice to apply during the first year would render the distinction of time in the agreement wholly unmeaning.

A binding agreement for a sale, made between the defendant and a third person, would be a sale, within the contemplation of the agreement. *Rice* v. *Mayo*, 107 Mass. 550.

The evidence introduced at the trial tended to show that the plaintiff advertised the farm for sale, and that his agent Doane (whom the defendant by his correspondence impliedly admitted to have been properly employed) took several persons to see the farm with a view to purchase, and talked upon the subject with others, and among them with Hall, who testified that in February, 1872, he purchased the farm from the defendant in person, paid him money on the farm, and moved himself and his goods upon it. No objection was taken at the trial to the competency of any portion of the evidence ; the whole evidence was clearly sufficient to warrant a jury in finding that the plaintiff had faithfully endeavored to sell the farm, and that the defendant had made an agreement, binding upon him, to sell it to Hall ; and it was admitted at the argument that the defendant was not denied the right to go to the jury if he wished to do so.

*Exceptions overruled.*