JOSEPH B. F. JOHNSON & another *vs.* MARY HOLLAND, executrix.

Suffolk.   November 13, 1911. — March 1, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DECOURCY, JJ.

*Agency,* Broker's commission.  *Broker. Contract,* Performance and breach.

In an action by a broker for a commission for procuring a purchaser for certain real estate of the defendant, if the plaintiff shows that he procured as a purchaser a person with whom the defendant made a contract in writing for the sale of the real estate in question, it is not necessary for the plaintiff to prove further that the proposed purchaser was able, ready and willing to perform his part of the contract, the defendant having accepted him as a purchaser by entering into the contract in writing with him and the plaintiff's commission having been earned when the contract was made.

CONTRACT by the members of a firm of real estate brokers for $562.50 alleged to be due to the plaintiffs as a commission for procuring a purchaser for certain real estate of the defendant's testator, who was the original defendant, on Ocean Avenue in Revere.   Writ in the Municipal Court of the City of Boston dated July 23, 1909.

On appeal to the Superior Court the case was tried before *Hardy,* J.   The contract in writing for the sale of the real estate in question, which is referred to in the opinion, was executed under seal by the defendant's testator as the seller and by one Samuel Freudenburg as the purchaser.   There was no evidence in regard to the financial standing of Freudenburg and no evidence of an offer of performance on his part.

Among the rulings requested by the defendant was the following: "That the plaintiffs must prove that the alleged purchaser Samuel Freudenburg was willing, ready and financially able to purchase the said property of the defendant at the terms agreed upon between said Freudenburg and the defendant, and, failing so to do, the verdict must be for the defendant."   The judge refused to make this ruling, as well as other rulings requested by the defendant, the questions raised by the other rulings being disposed of by the verdict of the jury, as stated in the opinion.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. B. Loud & H. Dunham,* for the defendant.

*F. J. Slattery & C. J. Wing,* for the plaintiffs.

HAMMOND, J. This is an action of contract wherein the plaintiffs as real estate brokers seek to recover a commission for the sale of real estate belonging to the original defendant. The latter having died since the action was brought, the executrix defends. The jury found for the plaintiffs, and the case is before us upon exceptions to the refusal of the presiding judge to give certain rulings requested by the defendant and to the rulings given.

So far as respects the defense of the mental incapacity of the defendant's testator to understand the agreement with Freudenburg the proposed purchaser, and also the defense of fraud, the defendant has no ground of complaint. The evidence on each of these points was conflicting and would have warranted a finding either way. And the jury were distinctly told that if there was any fraud practised by the plaintiffs upon the defendant's testator either as to the tenor of the agreement or to induce him to sign it, or if he signed it under such a degree of mental incapacity as to prevent him from comprehending what he was doing, then the verdict should be for the defendant.

The defendant's testator having accepted the proposed purchaser by entering into the written contract of sale with him, it was not necessary for the plaintiffs to prove at the trial that the purchaser was able, ready and willing. When the valid written contract was executed the commission of the plaintiffs was earned. *Roche* v. *Smith,* 176 Mass. 595, 597, and cases cited. The plaintiffs were not obliged to go further.

The charge of the presiding judge sufficiently covered the question of double commission. Under the charge the jury must have found that at the time the contract of sale was signed there was no agreement on the part of the proposed purchaser to pay the plaintiffs any commission for any purpose whatever. See *Alvord* v. *Cook,* 174 Mass. 120, for a discussion of the law on this subject.

We see no error in the manner in which the judge dealt with the requests, and the charge was full and correct.

*Exceptions overruled.*