LELAND A. STONE & another *vs.* JOHN W. MELBOURNE & another.

Hampden.    September 21, 1950. — November 1, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Broker*, Commission.

A real estate broker hired by an owner of land merely to procure a purchaser thereof established his right to a commission by proof that he produced a customer with whom the owner made a valid sale and purchase contract, although the customer subsequently refused to perform the contract: the owner's acceptance of the customer through making the contract with him rendered unnecessary proof by the broker that the customer was ready, able and willing to buy.

CONTRACT. Writ in the District Court of Springfield dated April 9, 1948.

Upon removal to the Superior Court, the action was tried before *O'Brien*, J.

In this court the case was submitted on briefs.

*E. C. Snow*, for the plaintiffs.

*T. J. Donnelly*, for the defendants.

LUMMUS, J. In this action against the owners of real estate in Springfield by real estate brokers to recover a commission of $400 for obtaining a customer, a verdict was directed for the defendants. The plaintiffs excepted.

There was evidence tending to prove the following. The defendants employed the plaintiffs to procure a buyer at a commission of five per cent. The plaintiffs procured one Shaw and his wife as buyers, and the Shaws entered into a written contract, the validity of which is not questioned, for the purchase and sale of the real estate for $8,000, subject to the ability of the buyers to obtain a certain mortgage

for $7,000. The buyers were able to obtain such a mortgage. But the buyers refused to perform their contract to buy. After that — though nothing appears to turn on it — the defendants made a sale at the same price to one Stanhope, who obtained a similar mortgage.

The evidence was not that the passing of title was required for the earning of a commission. The plaintiffs were merely to "procure a buyer," and the commission was to be payable "for obtaining a buyer." By entering into a valid contract of sale and purchase with the Shaws, the defendants accepted them as customers able, ready and willing to buy, and made unnecessary any further proof that they were such. *Ward* v. *Cobb*, 148 Mass. 518. *Burnham* v. *Upton*, 174 Mass. 408. *Roche* v. *Smith*, 176 Mass. 595, 597. *Hutchinson* v. *Plant*, 218 Mass. 148, 152, 153. *McCarthy* v. *Reid*, 237 Mass. 371, 372. The case of *Johnson* v. *Holland*, 211 Mass. 363, is on all fours with the present case. The direction of a verdict for the defendants was error.

*Exceptions sustained.*