E. A. STROUT REALTY AGENCY, INC. *vs.* JOHN GARGAN.

Suffolk. October 3, 1951. — April 2, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Broker*, Commission. *Contract*, With broker. *Practice, Civil*, Appellate Division: report, what questions open.

The question whether a certain finding was required as a matter of law on the evidence in an action in a District Court could not be considered on a report to the Appellate Division having no statement therein that it contained all the material evidence.

The mere fact that an owner of real estaté entered into a written sale and purchase contract with a prospective purchaser produced by a broker did not entitle the broker to a commission if his contract with the owner was for a commission upon completion of the sale by the date specified in the sale and purchase contract and the sale was not completed by that date because the prospective purchaser was unable

so to complete it, although the same prospective purchaser subsequently bought the property in a sale, of which the broker was not the efficient cause, made without fraud upon different terms.

The question of inconsistency between rulings made at a trial in a District Court and the general finding was not open on a report to the Appellate Division of matters occurring at the trial.

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 27, 1950.

The action was heard by *Zottoli*, J.

*L. G. Stone*, for the plaintiff.

*W. F. Huntley*, for the defendant.

WILKINS, J. The plaintiff, a real estate broker, sues for a commission for procuring a purchaser of the defendant's real estate. The report does not contain a statement that there was a finding for the defendant, but as the opinion of the Appellate Division says that there was, and the briefs of both parties so declare, we assume that to be the fact and consider the case on that basis. *Bresnick* v. *Heath*, 292 Mass. 293, 296.

The plaintiff appealed from the dismissal of the report, which seeks to present questions based upon the treatment of the plaintiff's requests for "rulings." Most of these were in substance requests for findings of fact, which, as such, not only have not been reported, but are not reviewable by the Appellate Division and on appeal are not open here. *Kelsey* v. *Hampton Court Hotel Co.* 327 Mass. 150, 152. There was no request raising the question whether there was evidence warranting a finding for the defendant. *Baker* v. *Davis*, 299 Mass. 345, 348. *Cueroni* v. *Coburnville Garage, Inc.* 315 Mass. 135, 138–139. Ordinarily where there is a request for a finding of fact which is denied, there may be a question whether the finding was required as matter of law on the evidence. *Perry* v. *Hanover*, 314 Mass. 167, 169–170. But here there is no statement in the report that it contains all the material evidence, and such a question cannot be considered. *Irving* v. *Bonjorno*, 327 Mass. 516, 518. This principle is not rendered inapplicable by the existence of the signed proposal hereinafter referred to. See *Realty Develop-*

*ing Co. Inc.* v. *Wakefield Ready-Mixed Concrete Co. Inc.* 327 Mass. 535, 537.

The cornerstone of the plaintiff's case is a written proposal to purchase signed by one Curtis, who was produced by the plaintiff, and accepted in writing by the defendant. In so far as material, this reads: "Nov 29, 1946   If John Gargan owner of property known and described as E. A. Strout Realty Agency, Inc., Listing No. 368½ at Norwell Mass. and further described as: a one and ½ acre property on the northerly side of. Main Street together with the following Personal Property: Tools and Goats etc. poultry cook [*sic*] or coal, as is will accept Eight thousand five hundred ($8500) Dollars for same (I) (we) will pay this amount and deposit herewith The sum of One hundred (100) Dollars and will further pay Eight thousand and four hundred (8400) Dollars in Cash or Certified Check when (I) (we) receive title to same. . . . Deed shall be delivered on the 1st day of January, 1947 . . . Signed: William J. Curtis . . . Accepted: John Gargan Owner. Date Nov 29, 1946."

The defendant, while admitting that the plaintiff first brought the purchaser and seller together, denied that the sale was made through the plaintiff's efforts. The defendant testified that he conveyed the property to Curtis on March 5, 1947; that the deal did not go through as originally agreed; that he gave Curtis one half instead of all his poultry and gave none of his tools; that he told both the plaintiff's representative and the purchaser that the deal would be off if the latter did not perform by January 1 as agreed; that the plaintiff's representative said that the defendant could sell the place if the purchaser did not consummate the transaction on the date specified and that the purchaser would forfeit his deposit; and that "later" Curtis moved into the premises with the defendant's permission after he had told the defendant that he could not go through with the deal until he sold another house. We need not summarize other testimony in support or contradiction of this evidence.

The written contract to sell made no reference to a commission, and contained none of the terms of the brokerage

contract now in suit. Those terms were the subject of an oral agreement, testimony as to which came from the defendant, and was that the plaintiff's representative said that he would get a customer for the defendant's property who would buy on or before January 1, 1947; that the defendant said, "All right"; and that the defendant agreed to pay $500 commission "if the deal went through, but it never did go through as the buyer did not have the cash with which to buy the place at the time the deal was supposed to go through."

In passing upon the requests the judge made various findings which are in substance to the effect that the customer was not able, ready, and willing to perform in accordance with the written proposal and acceptance; that after the failure of the purchaser to purchase on the terms agreed, a sale upon different terms took place, and the plaintiff was not the efficient cause; and that there was no fraud or collusion.

The plaintiff's first request was: "That upon the acceptance by the defendant of the customer produced by the plaintiff, he, the plaintiff, became entitled to the commission agreed upon." The judge's action thereon was: "Denied, because I do not find that the customer was ready, able and willing to purchase upon the terms of the owner. I do not find the customer was unequivocally accepted." There was no error. The judge was not required to find that the buyer was able to perform by January 1. *Codman* v. *Beane,* 312 Mass. 570, 574. *Union Market National Bank* v. *Derderian,* 318 Mass. 578, 584. *Strachan* v. *Prudential Ins. Co.* 321 Mass. 507, 508. By signing the acceptance of the proposal containing that date for delivery of the deed, the defendant did not waive the condition or conclusively accept the buyer as then able to perform. The judge could find that the contract with the broker was to pay a commission "if the deal went through," in other words, that the brokerage contract was to complete the sale by January 1, 1947. *John T. Burns & Sons Inc.* v. *Hands,* 283 Mass. 420, 422. *Lieberman* v. *Cohn,* 288 Mass. 327, 329. *Spritz* v. *Brockton Savings*

*Bank,* 305 Mass. 170, 171. *Staula* v. *Carrol,* 312 Mass. 693, 694. *Corleto* v. *Prudential Ins. Co.* 320 Mass. 612, 616. Hence, cases like *Stone* v. *Melbourne,* 326 Mass. 372, are of no application. See *Chapin* v. *Ruby,* 321 Mass. 512.

Two other requests were denied. They need not be given detailed consideration. Both purport to be based upon certain enumerated evidence, described in one request as "undisputed." These were in substance requests for findings of fact. *Castano* v. *Leone,* 278 Mass. 429. *Geraci* v. *A. G. Tomasello & Son, Inc.* 293 Mass. 552, 554. *Gibbons* v. *Denoncourt,* 297 Mass. 448. *Gosselin* v. *Silver,* 301 Mass. 481. *Perry* v. *Hanover,* 314 Mass. 167, 170. There was no error in denying them.

The three remaining requests were granted. It is contended that these rulings are inconsistent with the general finding for the defendant. But such questions are not open on this report. *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150, 154. *Memishian* v. *Phipps,* 311 Mass. 521, 525. *Vieira* v. *Balsamo, ante,* 37, 39. In any event, on the merits we perceive no inconsistency.

*Order dismissing report affirmed.*