JAMES C. MENTON *vs.* ETHEL J. MELVIN.

Middlesex.    April 9, 1953. — July 2, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Broker*, Commission.   *Contract*, With broker.

A real estate broker with whom an owner of property "listed" it for sale
was entitled to his commission where a customer procured by him
executed with the owner a binding and unqualified sale and purchase
contract, although later it appeared that the customer was in fact
unable financially to consummate the purchase and the owner returned
his deposit to him without the broker's consent.

CONTRACT.    Writ in the Second District Court of Eastern
Middlesex dated September 25, 1950.

The action was heard by *Moynihan, J.*

*Frederick T. Conley,* for the defendant.

*Thomas C. Menton,* for the plaintiff.

WILLIAMS, J.    This is an action of contract brought in
the Second District Court of Eastern Middlesex to recover
a real estate brokerage commission.    The judge found for
the plaintiff and reported the case to the Appellate Divi-
sion which sustained his findings and rulings.    The de-
fendant appealed.

There was evidence substantially as follows.    In May,
1950, the defendant requested the plaintiff, who was a real
estate broker, to sell her dwelling house in Watertown.    The
selling price was $10,500 cash and it was understood that
the plaintiff should receive a 5% commission.    The plain-
tiff produced as prospective buyers Norman O'Clair and
wife who on July 21, 1950, executed a written agreement
with the defendant for the purchase of the property for
$10,500, the conveyance to be made on or before August 31.
The O'Clairs made a deposit of $100.    Nothing was said in
the agreement about a mortgage but, after the agreement
was signed, there was talk between the parties to the agree-

ment and the plaintiff about arranging a mortgage to the Watertown Co-operative Bank for $7,500. Later it was found that such a mortgage was unobtainable and on August 17 O'Clair wrote to the defendant that he and his wife could get a mortgage for only $7,000 and that $3,000 in cash was all that they wanted to pay. It appeared that the defendant subsequently returned the deposit to the O'Clairs without first obtaining the consent of the plaintiff.

The judge found and ruled that the O'Clairs entered into a binding written agreement with the defendant to purchase the property on the defendant's terms as set forth in the agreement, but that in fact they were not financially able to purchase on those terms. He ruled that by executing the agreement the defendant accepted the O'Clairs as purchasers ready, able, and willing to buy; that the plaintiff had earned his commission; and that his right to it was not adversely affected by the return of the deposit. There was a finding for the plaintiff in the amount of $525.

We think there was no error in these findings and rulings. The agreement between the defendant and the O'Clairs was an unconditional and unqualified contract to sell and buy a described property on or before a certain date for $10,500. It was binding on both the seller and the buyers. There was no provision regarding a mortgage. By executing the agreement the defendant accepted the O'Clairs as purchasers ready, able, and willing to purchase on the terms therein stated. *Johnson* v. *Holland*, 211 Mass. 363, 364. *Stone* v. *Melbourne*, 326 Mass. 372, 373.

The judge found that the defendant "listed" her property with the plaintiff for sale. If such listing be construed to mean that the plaintiff was employed to find a customer ready, able, and willing to purchase on the defendant's terms, he earned his commission by producing customers whom she accepted. His rights were fixed by the execution of the sale agreement and were not affected by the actual inability of the buyers to perform or the later return of the deposit. *Roche* v. *Smith*, 176 Mass. 595, 597. *Johnson* v. *Holland*, 211 Mass. 363, 364. *Stone* v. *Melbourne*,

326 Mass. 372, 373. If by listing the property it was the understanding of the parties that the plaintiff should effect a sale, it is settled that he became entitled to his commission when the defendant executed a binding contract of sale with the O'Clairs. A sale was effected within the meaning of the brokerage agreement. *Rice* v. *Mayo*, 107 Mass. 550. *Chapin* v. *Bridges*, 116 Mass. 105. *Ward* v. *Cobb*, 148 Mass. 518, 521. *Burnham* v. *Upton*, 174 Mass. 408. *Roche* v. *Smith*, 176 Mass. 595, 597. Compare *E. A. Strout Realty Agency, Inc.* v. *Gargan*, 328 Mass. 524.

The defendant's requests for rulings, which raise no question of law other than those herein discussed, were correctly dealt with by the judge.

*Order dismissing report affirmed.*

Mr. Justice Wilkins concurs in the result for the reason that in the report there is no statement that it contains all the material evidence. *Irving* v. *Bonjorno*, 327 Mass. 516, 518.