*Northern District*

No. 4723

## STONE COURT ASSOCIATES, INC.
### v.
## DANIEL DIGNAN and MARY DIGNAN

(May 5, 1954)

*Eno, J.* This is an action of contract in two counts by which the plaintiff corporation seeks to recover a broker's commission from the defendants. The first count alleges that the defendants "employed" the plaintiff corporation to procure a customer for certain premises owned by them and that the plaintiff furnished a customer ready, able and willing to pur-

chase the said premises on the defendants' terms. The second count was on a count annexed for the same cause of action.

The defendants filed separate answers alleging in addition to a general denial that the alleged customer was not ready, willing and able to purchase on the defendants' terms.

There was evidence that the defendants "employed" the plaintiff corporation to obtain a purchaser for the property at 20-22-24 Meacham Road, Cambridge, at the price of $14,500.00 with a commission at 5%; that a written agreement was made, and signed by "all parties." A deposit of $500.00 was paid as provided by the agreement, in which the following was inserted: "Sale subject to a so-called G.I. Loan & Appraisal." The time set for the conveyance of the premises was "on or before October 15, 1951".

There was evidence that on that date no such mortgage had yet been obtained. On that date the defendants with a deed made out to the buyers went to the Registry of Deeds where, according to the agreement, it was to be delivered "if the buyers so require — unless some other place and time shall be mutually agreed upon by the parties."

The buyer did not appear at the Registry. Thereafter the defendants refused to extend the time of performance. The G.I. mortgage was finally approved by a bank on November 7, 1951.

The defendants presented no requests for rulings at the trial and the trial judge (Walters, S. J.) found for the plaintiff corporation on March 24, 1953.

On April 2, 1953, the defendants filed a motion for a new trial "for mistake of law injuriously affecting the substantial rights of the defendants", which the Court denied.

The defendants at the time of the hearing on said motion for a new trial presented the following requests which the Court denied for the reasons hereinafter stated:

"2. At law when time is one of the things expressly contracted about, it is of the essence of the contract.

Denied, because I do not find (see findings and rulings supra) that the time referred to, to wit, the time of passing papers is applicable to the broker plaintiff, but affects the rights and obligations of the Defendants and prospective buyer only in their purchase and sale agreement, to which agreement plaintiff was not a party."

"3. As a matter of law in this case where the parties contracted as to the date for the delivery of the deed and payment of the purchase price, time is of the essence of the contract. *Flax v. Sovrensky,* 262 Mass. 60, 62; *C. F. Noyes v. Kinnell Realty Corp.,* 277 Mass. 175, 178; *Russo v. Slawbys,* 276 Mass. 126, 129.

Denied, see No. 2; also because this request assumes that plaintiff was not entitled to a commission unless and until papers are passed, which is not borne out by the evidence (see findings and rulings supra), nor by the law (*Fitzpatrick v. Gilson,* 176 Mass. 477 and *Johnson v. Holland,* 211 Mass. 363).

4. As a matter of law in this case, the time for passing title and making payment was essential to constitute a completed bargain between the sellar and the buyer.

Denied; because this request assumes that the terms referred to are alone essential to constitute a completed bargain between the seller and the buyer; whereas the written agreement included additional material terms and conditions.

5. At law time is always of the essence of a contract; in Equity it is not except in cases where there is an express agreement that it shall be so treated. *Preferred Underwriters Inc. v. New York, New Haven and Hartford Railroad Co.,* 243 Mass. 457, 463.

Denied; the request as stated is not an altogether accurate statement of law, the case cited holding in substance that time is of the essence of a contract in equity, as at law, when the purpose of the parties, as appears on a consideration of the entire instrument, is to make time an essential element of the contract.

(*Preferred Underwriters, Inc. v. New York, New Haven and Hartford Raiload Co.,* 243 Mass. 457) See findings supra in substance that the broker's commission was not made contingent upon the passing of papers, the time therein referred to in the request.

6. As a matter of law, the clause in the written agreement "sale subject to a so-called G.I. loan and appraisal" is a condition precedent and the entire contract was based upon the purchaser being able to get a G.I. loan and appraisal.

Denied; this request is ambiguous inasmuch as it refers to the entire contract and the case at bar involves two contracts, to wit, the written contract between buyer and seller (which includes the G.I. loan provision) and the contract of hire between seller and broker which required the latter to procure a customer upon the sellers' terms, the latter contract being not made contingent by its terms upon the buyer's obtaining a G.I. loan."

"7. As a matter of law where, as in this case, the contract is subject to a condition precedent, the execution of the written contract was not a waiver of the condition that the plaintiff produce a customer who was ready, able and willing to buy on the sellers' terms.

Denied for the reasons set forth in No. 6, the "condition precedent" alluded to being no part of the contract of hire between the broker and the sellers.

8. As a matter of law, the sellers' terms were that the bargain be completed on or before October 15, 1951.

Denied; see specific findings supra to the effect that the sellers accepted the prospective buyer on the date of the execution of the purchase and sale agreement in accordance with the terms thereof, insofar as the broker's right to a commission is concerned. (See *Johnson v. Holland,* 211 Mass. 363; *Stone v. Melbourne,* 326 Mass. 372).

9. As a matter of law, there never was a waiver of any of the conditions of the contract by the sellers.

Denied; this request is ambiguous inasmuch as it does not specify whether the contract alluded to is

that between the sellers and prospective buyer, or that between the sellers and broker.

10. As a matter of law, the plaintiff is bound by the testimony of the customer that he was not able to purchase on the date of the signing of the agreement and on the date set for completion in the written agreement.

Denied; the testimony referred to is immaterial, as a broker's right to a commission is not contingent upon the consummation of the sale unless the contract of hire between seller and broker so expressly provides. (*Fitzpatrick v. Gilson,* 176 Mass. 477; *Buono v. Cody,* 251 Mass. 287).

11. As a matter of law, the brokerage contract in this case was to complete the sale by a certain date.

Denied; inconsistent with specific findings and rulings supra.

12. "Fact that the seller signed acceptance of proposal to purchase which contained date for delivery of deed was not a waiver of condition that purchaser perform by a day certain, or conclusive acceptance of buyer as then being able to perform and did not preclude finding that contract between broker and seller was to pay commission if sale was complete by a specified date." *E. A. Strout Realty Agency v. Gargan,* 328 Mass. 524.

Denied; inapplicable to findings and rulings supra."

"13. As a matter of law on all the evidence, a finding for the defendants was required.

Denied; not in accordance with findings and rulings supra."

The defendants claim to be aggrieved by the Court's denial of these requests for rulings and their motion for a new trial and also "because of the Court's Rulings at the trial and in the memorandum of findings and rulings that time was not of the essence and that the clause "sale subject to a so-called G.I. Loan and Appraisal" was not a condition precedent."

The report states that it contains all the evidence material to the issues in question.

The defendants not having filed any requests for rulings at the trial and not having claimed a report to the judge's rulings made at the time of the finding, it is too late to raise these matters now. Rule 28 of the District Court Rules (1952).

The only matters before us, therefore, are the denial of the defendants' motion for a new trial and the action of the trial judge on their requests presented in connection therewith.

The disposition of a motion for a new trial usually rests in sound judicial discretion. *Davis v. Boston Elevated Railway Co.*, 235 Mass. 482, 496-497; *Madden v. Boston Elevated Railway Co.*, 284 Mass. 490, 494; *Nicholas v. Lewis Furniture Co.*, 292 Mass. 500, 505; *Kinnear v. General Mills, Inc.*, 308 Mass. 344, 348-349, and the decision of the trial judge upon such a motion will not be overturned unless it appears there was an abuse of such discretion, *Madden v. Boston Elevated Railway Co.*, 284 Mass. 490, 494, or "unless at the hearing upon such motion some question of law is presented which could not have been raised at the trial on the merits or which could have been so raised and is entertained by the judge." *Commonwealth v. Dascalakis*, 246 Mass. 12, 24, 25; *Costello v. Hayes*, 249 Mass. 349, 356; *Malden Trust Co. v. Perlmutter*, 278 Mass. 259, 260-261.

The requests for rulings presented by the defendants at the hearing on their motion for a new trial raised questions of law which might have been presented at the trial on the merits. The trial judge could not have been required to pass on them at that time, but since it appears that she did in her discretion, we consider them on that footing. *Lonergan v. American Railway Express Co.*, 250 Mass. 30, 38-39, and cases collected; *Harvard Trust Co. v. Cambridge*, 270 Mass. 403, 409; *Kelley v. Jordan Marsh Co.*, 278 Mass. 101, 109.

We have examined these requests and find no error

in their denial. This case is governed by *Stone v. Melbourne et al*, 326 Mass. 372, holding that "by entering into a valid contract of sale and purchase with the (buyer) the defendants accepted (him) as (a) customer able, ready and willing to buy, and made unnecessary any further proof that (he) was such." There is also no error in the denial of the motion for new trial, therefore, the report is to be dismissed.

James J. Reagan, for the plaintiff.

Neville, Tobin & Kelley, for the defendant.