*Southern District*

## DIAL REALTY, INC.
v.
## ALBERT F. STAITI ET AL

*Present:* Nash, P. J., Welch & Callan, JJ.

Case tried to *Colten, J.,* in the District Court of Southern Norfolk. No. 15,043.

*Callan, J.* The plaintiff in this action of contract seeks to recover a broker's commission he claims is due him by the defendants who were the owners of real estate on Norfolk Street, Canton.

*There was evidence to show that* the defendants listed certain real estate on Norfolk Street with the plaintiff and agreed that if the plaintiff found a buyer for the house and

lot for $15,500.00, they would pay a five (5%) per cent commission. The defendants also agreed with the plaintiff to the same terms to a house similar to the one on Norfolk Street that was to be built on the lot on Tolman Street, the title to which lot was to be acquired by the defendants. The plaintiff interested one Ferrie to buy the Tolman Street property and a sales agreement between Ferrie and the defendants was executed providing among other things that, "a commission on the total purchase price in accordance with the commission rates prevailing in Canton, Massachusetts, is due from the seller to Dial Realty, Inc. ($775.00)". This agreement was "subject to the buyer obtaining a G. I. mortgage in the amount of $13,000.00". The purchaser never obtained any such loan. Because the defendants were unable to obtain a clear title to the Tolman Street lot, the defendants and Ferrie exchanged releases at the plaintiff's office. About a month later the defendants and Ferrie executed another purchase and sales agreement for the Tolman Street property for $14,900.00. Ferrie moved into the house and purchased the property in June of 1960.

The only requests of the defendants material here are:

1. The plaintiff would be entitled to a real estate commission only if a purchaser was found who would be ready, willing and able to purchase said real estate according to the terms of the purchase and sales agreement.

2. The plaintiff would be entitled to a real estate commission only if the purchaser was able to obtain a G. I. mortgage in the amount of $13,000.00.

Request number one was allowed and two denied. After making a finding of facts, the court found for the plaintiff. The defendant claims to be aggrieved by the judge's action on these requests and his finding.

 Ordinarily, a broker earns his commission by producing a customer ready, able and willing to buy on the seller's terms, and an unconditional and unqualified contract to sell and buy executed by the seller and buyer is an acceptance of the buyer by the seller. *Menton v. Melvin,* 330 Mass. 355, 356, 357 and cc.

The case in issue is distinquished from the *Menton* case in that in that case nothing was stated in the sales agreement about a mortgage although this fact was later indicated to the seller by the buyer as being necessary to finance the transaction. In the present case, the agreement was "subject to the buyer obtaining a G. I. mortgage in the amount of $13,000.00". It is fair to infer that the buyer was financially unable to purchase unless he had mortgage financing. When releases on the first sales agreement were given by the buyer and seller, the agreement was vitiated because the buyer could not obtain a clear title to the property. The second sales agreement between the defendants and Ferrie stipulated the sales price as being $14,900.00,

which amount is $600.00 less than the selling price of the first agreement. No revocation of the plaintiff's employment was ever made by the defendants.

■ The right of a broker to recover a commission depends on whether he has done the thing which he undertook to do before his authority to do it has come to an end. *Cadigan v. Crabtree,* 179 Mass. 474; *Smith v. Kimball,* 193 Mass. 582, 585.

■ By listing the property with the plaintiff, the defendants make only an offer which ripens into a contract when the broker accepts the offer by fulfilling its terms. *Elliott v. Kazajian,* 255 Mass. 459, 461.

■ The defendants by substituting a new sales agreement, which was performed, in place of the first one, accepted Ferrie as a purchaser ready, able and willing to purchase on the terms stated therein and is liable for the broker's fee. *Johnson v. Holland,* 211 Mass. 363, 364; *Stone v. Melbourne,* 326 Mass. 372, 373.

■ Although it is a general rule that by employing a broker to secure a customer the principal in the absence of an agreement to the contrary, has the right to revoke the appointment and make the sale himself, *Des Rivieres v. Sullivan,* 247 Mass. 443, 446, if no revocation of authority is made known to the broker or if bad faith exists, the broker cannot be defeated of his commission. *Cadigan v. Crabtree,* 186 Mass. 7; *Smith v. Kimball,* 193 Mass. 582, 586; *O'Connell v. Casey,* 206 Mass. 520, 526; *Worcester v. Stone,* 217

Mass. 523, 526; *Elliott v. Kazajian*, 255 Mass. 459. The right to revoke is not dependent upon the reasons which may lead to its exercise, provided that it is exercised in good faith, which here means for any reason other than to obtain the results of the broker's efforts without paying for them. See *Elliott v. Kazajian*, 255 Mass. 459; *Kacavas v. Diamond*, 303 Mass. 88, 92, 93.

The cases which have allowed a recovery where a sale to the customer introduced by the broker has taken place, but on terms differing from these named to the broker have been cases where there has been bad faith on the part of the owner and where the owner has sought to profit by the broker's exertions and to avoid paying him. *Walsh v. Grant*, 256 Mass. 555, 558.

■ If the judge's finding is inconsistent with his action on request number one, the defendant's remedy was by a motion to correct the ruling or a motion for a new trial. *Biggs v. Dinsmore*, 323 Mass. 106. Request number two was properly denied.

We perceive no error and the report is ordered dismissed.

Irving Goodman of Boston, for the Plaintiff.

Joseph G. Galligan, Jr. of Canton, for the Defendant.