ALFRED LeDONNE *vs.* EDWARD C. SLADE.

Middlesex. February 7, 1969. — March 11, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Broker*, Commission. *Practice, Civil*, Premature action.

Where it appeared that a broker procured a buyer who signed an agreement to purchase real estate containing a provision "If the seller shall be unable to give title or to make conveyance . . . any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease," and a defect in title, not the fault of the seller, resulted in no sale taking place and the return of the buyer's deposit by the seller, he was not relieved by such provision from liability for a commission to the broker on the asserted ground that "the broker produced a conditional buyer, a buyer who was not a ready, able and willing buyer as a matter of law." [491]

Mere failure of a broker to advise a seller of real estate to hire a lawyer when it appeared that a purchaser procured by the broker had done so disclosed no breach of fiduciary duty by the broker to the seller. [492]

An action by a broker for a commission from the defendant for procuring a purchaser of his real estate was not premature because commenced on the day for performance named in the contract of purchase and sale, although the defendant, but not the purchaser, signed an extension of time for performance. [492]

CONTRACT. Writ in the First District Court of Eastern Middlesex dated June 1, 1966.

The action was heard by *Brooks*, J.

*Albert E. Lamb* for the defendant.

*James A. McAvoy, Jr. (Kevin D. Murphy* with him) for the plaintiff.

WILKINS, C.J. This is an action to recover a broker's commission for procuring a purchaser for certain real estate of the defendant. The District Court judge found for the plaintiff, the Appellate Division dismissed a report, and the defendant appealed.

The facts are those found by the District Court judge. The plaintiff made contact with one Brown, trustee of Brookfield Realty Trust. Under date of April 5, 1966, a

written contract of purchase and sale was signed by the defendant, his wife, and the trustee. Conveyance was to be on June 1, 1966. The premises were to be free of all tenants. As the date for transfer approached, it was discovered that the defendant's daughter would not be able to vacate the defendant's premises and move to other hoped for premises. The plaintiff obtained Slade's signature to an extension to July 1, but could not obtain Brown's signature. Shortly before July 1, a defect was discovered in the title. The defect could be cured, but apparently not in time to clear the property for transfer prior to July 1. The result was that there was no sale. The defendant returned the deposit.

The trial judge concluded, "I find, therefore, that plaintiff had procured a customer within the meaning of the law and that he was entitled to a commission."

The contract contained a not unusual provision reading, "If the seller shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease . . . ." For cases having this same provision, see *Old Colony Trust Co.* v. *Chauncey*, 214 Mass. 271, 272–274; *Flier* v. *Rubin*, 321 Mass. 464, 466 and cases cited; *Sawl* v. *Kwiatkowski*, 349 Mass. 712, 714.

The defendant argues that this provision, which he terms "the contingency clause," followed by the discovery of a flaw in the title, due to no fault of his, prevented the broker from having a cause of action. He contends that "the broker produced a conditional buyer, a buyer who was not a ready, able and willing buyer as a matter of law." He relies upon his admitted obligation to return the deposit. His brief states that he has been unable to find a suit by a broker involving the "contingency clause," but he submits that there are many cases which cannot be distinguished in principle. These arguments are legally unsound and we reject them. They do not merit further discussion. Requests numbered 1, 36, 37, 38, and 39 were rightly denied.

The finding that there was a defect in the title is never-

theless decisive of the case. It makes clear that the defendant could not meet *his* obligation. We shall not enter upon an inquiry to determine whether we should retain in our jurisprudence as consistent with justice the rule of law that the mere signing of the purchase and sale agreement is a complete satisfaction of the broker's obligation. For examples of this doctrine, see *Chapin* v. *Bridges*, 116 Mass. 105; *Alvord* v. *Cook*, 174 Mass. 120; *Johnson* v. *Holland*, 211 Mass. 363. This is not a case in which to consider whether we should adopt the rule of *Ellsworth Dobbs, Inc.* v. *Johnson*, 50 N. J. 528.

There was no breach of fiduciary duty by the broker. There was no duty to advise the defendant to hire a lawyer because the buyer did the same. Requests numbered 15, 20, 21, 22, 23, 24, 28, 29, and 31 could not have been granted.

The action was not prematurely brought because the writ was dated June 1, 1966, the day for performance named in the contract. Request numbered 45 was rightly denied.

The case does not deserve longer attention. We need not analyze the opinion of the Appellate Division.

*Order dismissing report affirmed.*