SAUL J. LIPIS *vs.* ALFRED W. LANDANO & others, trustees. March 30, 1979. It is clear from the master's subsidiary findings, which are binding on us (*Peters* v. *Wallach,* 366 Mass. 622, 626 [1975]), that the defendant Alfred Landano (Alfred) acted throughout not only for himself but also for and in behalf of the other two trustees; that on July 24, 1973, the defendants unreservedly accepted the plaintiff's customer as a person ready, willing and able (see *Gaynor* v. *Laverdure,* 362 Mass. 828, 833-834 [1973]) to perform all the terms of the oral agreement which was negotiated between the customer and the defendants on that date; that the only condition on the plaintiff's right to receive a broker's commission of $10,000 was that expressed in the memorandum of deposit which Alfred signed on July 24, 1973, namely, that by July 31, 1973, the plaintiff's customer and the defendants should execute a "purchase and sales agreement mutually agreeable between buyer and seller"; that by the latter date the plaintiff's customer had caused to be drafted and was prepared to execute a purchase and sale agreement which "contained all of the oral terms agreed upon by the parties on July 24, 1973, without modification"; that the defendants refused to sign the agreement; and that "their refusal to carry out their part of the agreement was motivated solely by a desire for a better deal with another buyer and to deprive the plaintiff of his earned commission." 1. There is nothing in any of the provisions of the declaration of trust which are quoted in the master's report which restricted the defendants' ability to enter into a valid and binding oral agreement to pay a broker's commission or which excused any of the defendants from performing their agreement with the plaintiff. 2. There is nothing in the master's subsidiary findings which can be tortured into an understanding that payment of a commission was to

be contingent on title's passing to the plaintiff's customer. See *Gaynor* v. *Laverdure*, 362 Mass. at 835; *Creed* v. *Apog*, 6 Mass. App. Ct. 365, 372 (1978), modified in another respect, 377 Mass. 522 (1979). Even if there had been such an understanding, it would have availed the defendants nothing in the circumstances of the present case. *Tristram's Landing, Inc.* v. *Wait*, 367 Mass. 622, 629 (1975). 3. The only question we have with this case is why all the allegations of the bill were not taken pro confesso under Rule 25 of the Superior Court (1954) when the defendants failed to comply with the court's order of November 19, 1973, for speedy completion of the pleadings.

*Judgment affirmed.*

*Kenneth H. Soble* for the defendants.
*Leonard A. Eskenas* for the plaintiff.