JOHN G. CAPEZZUTO vs. JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY.

Suffolk.   March 9, 1984. — April 24, 1984.

Present: ARMSTRONG, ROSE, & SMITH, JJ.

*Broker,* Commission.   *Contract,* With broker.

Lack of a purchase and sale agreement between the owner of real estate and
a prospective buyer produced by a broker did not defeat the broker's
right to a commission where the buyer was able and willing to buy on
the terms set by the owner but the owner refused to enter into a purchase
and sale agreement. [47-49]

CIVIL ACTION commenced in the Superior Court Department
on May 18, 1981.

The case was heard by *McDaniel,* J., on a motion for summary judgment.

*Philip J. Crowe, Jr.,* for the plaintiff.
*Donald R. Frederico* for the defendant.

ARMSTRONG, J. The defendant (John Hancock) was granted
summary judgment based on a ruling by the judge that the
plaintiff, a real estate broker, could not have become legally
entitled to a commission because, as was agreed, John Hancock, the owner, had never signed a purchase and sale agreement with, or otherwise accepted, the buyer produced by the
plaintiff. The decision was predicated on *Tristram's Landing,
Inc.* v. *Wait,* 367 Mass. 622 (1975), which adopted a rule that
a broker engaged by the owner to find a purchaser "earns his
commission when (a) he produces a purchaser ready, willing
and able to buy on terms fixed by the owner, (b) the purchaser
enters into a binding contract with the owner to do so, and (c)
the purchaser completes the transaction by closing the title in
accordance with the provisions of the contract." *Id.* at 629,
quoting from *Ellsworth Dobbs, Inc.* v. *Johnson,* 50 N.J. 528,
551 (1967). The judge read the *Tristram's Landing* case to

have held that all three conditions must be met to entitle the broker to a commission, subject only to the exception there set out, that "if the failure of completion of the contract [i.e., the purchase and sale agreement] results from the wrongful act or interference of the seller, the broker's claim is valid and must be paid." 367 Mass. at 629.

Concededly, if the formulation in *Tristram's Landing* is to be applied literally, the judge's ruling was correct: the broker is there said to be entitled to a commission from the seller "only if the requirements stated above are met." *Id.* at 630. So to read the case, however, is to lose sight of the problem the case was dealing with and the wrong it was meant to correct.

Under the law in effect prior to *Tristram's Landing,* the seller's act of entering into a purchase and sale agreement with the customer produced by the broker foreclosed the seller from showing (in defense of a claim by the broker for a commission) that the customer was in fact unable or unwilling later to close the transaction. *Roche* v. *Smith,* 176 Mass. 595, 597 (1900). *Johnson* v. *Holland,* 211 Mass. 363, 364 (1912). *Stone* v. *Melbourne,* 326 Mass. 372, 373 (1950). *Menton* v. *Melvin,* 330 Mass. 355, 356-357 (1953). *Richards* v. *Gilbert,* 336 Mass. 617, 618-619 (1958). *Gaynor* v. *Laverdure,* 362 Mass. 828, 833-834, 839-840 (1973). If there were no binding purchase and sale agreement, the broker did not earn a commission if the customer was unable or unwilling to complete the purchase at the appointed time. See *Roche* v. *Smith, supra; Bruce* v. *Meserve,* 228 Mass. 463, 465-466 (1917); *Bemister* v. *Hedtler,* 249 Mass. 40, 42-43 (1924); *MacDonald* v. *Mihalopoulos,* 337 Mass. 260, 262-263 (1958). To the same effect, *Higgins* v. *Ginsburg & Goodman, Inc.,* 278 Mass. 497, 499-501 (1932).[1] The signing of a contract with the prospective buyer, however, was treated as a binding "acceptance" by the

---

[1] Contrast *Gaynor* v. *Laverdure,* 362 Mass. at 834 (last sentence), and cases there cited (at 834-835). In each of the cited cases, the basis for awarding the broker a commission was that it was the seller, not the buyer, who defeated completion of the transaction. Where the agreement between the seller and buyer was merely oral (and thus unenforceable), the broker did not earn his commission unless the buyer was ready, willing and able to close the transaction. *MacDonald* v. *Mihalopoulos,* 337 Mass. at 262-263.

seller that the customer was in fact ready, willing, and able to effect the purchase. *Ward* v. *Cobb,* 148 Mass. 518, 521 (1889). *Roche* v. *Smith, supra. Johnson* v. *Holland, supra. Stone* v. *Melbourne, supra. Richards* v. *Gilbert, supra.*

The effect of the "acceptance" rule was to subvert the essential concept that the broker earned his commission only if he found a customer ready, willing, and able to buy the property. "Acceptance" came to function, in practice, as an exception: that the broker would be entitled to a commission if he found a customer who merely signed a purchase and sale agreement, regardless of the customer's actual ability or willingness to complete the purchase in accordance with the terms that he had agreed to. *Johnson* v. *Holland, supra. Menton* v. *Melvin, supra.* In these circumstances the seller was left with a commission to pay but with no purchase money from which to pay it. *Tristram's Landing,* 367 Mass. at 628-629.

It was that injustice — that a commission was owed even when the buyer defaulted — that the *Tristram's Landing* case redressed.[2] The emphasis on the signing of a purchase and sale agreement was because, in practice, the injustice sought to be cured resulted from the artificial legal effect given to the signing of that agreement. Correctly read, the holding of the *Tristram's Landing* case is that in a situation (doubtless the most common situation) where the seller signs a purchase and sale agreement with the customer produced by the broker, no brokerage commission will be owed if the transaction fails to be consummated by reason of the unwillingness, inability, or unreadiness of the customer. It was not the purpose of the *Tristram's Landing* case to deprive the broker of his commission where he produces a customer ready, willing, and able to buy on the precise terms set by the seller but the seller has a change of heart or otherwise

---

[2] The cases prior to *Tristram's Landing* rationalized the injustice by emphasizing that the seller had a remedy in contract damages for the customer's breach of the agreement, by which he could be made whole for his liability to pay the broker's commission. See *Roche* v. *Smith,* 176 Mass. 595, 598-599 (1900).

defeats the transaction.[3] There is nothing in the rationale of the *Tristram's Landing* case which would indicate that it was the court's intention to overrule the unbroken line of cases holding the seller liable for a commission in those situations. See *Witherell* v. *Murphy,* 147 Mass. 417, 420 (1888); *Holden* v. *Starks,* 159 Mass. 503, 503-504 (1893); *Washburn* v. *Bradley,* 169 Mass. 86, 88 (1897); *Fitzpatrick* v. *Gilson,* 176 Mass. 477, 479-480 (1900); *Whitkin* v. *Markarian,* 238 Mass. 334, 336-337 (1921); *Laidlaw* v. *Vose,* 265 Mass. 500, 505 (1929); *Stern* v. *Old Colony Trust,* 276 Mass. 456, 457 (1931); *Westlund* v. *Smith,* 291 Mass. 96, 99 (1935); *Palmer Russell Co.* v. *Rothenberg,* 328 Mass. 477, 481 (1952); *Spence* v. *Lawrence,* 337 Mass. 355, 358 (1958); *Lipis* v. *Landano,* 7 Mass. App. Ct. 894 (1979); *Kinchla* v. *Welsh,* 8 Mass. App. Ct. 367, 371-372 (1979); *Leech* v. *Ebers,* 12 Mass. App. Ct. 1004 (1981); *MacGregor* v. *Labute,* 14 Mass. App. Ct. 203, 204-205 (1982).[4]

It should be observed that the *Tristram's Landing* case adopted its formulation of the rule by way of direct quotation from New Jersey's *Ellsworth Dobbs* case, *supra,* and that the courts of that State have explicitly rejected the contention that the rule allows a seller the option to avoid a commission by the expedient of refusing to enter into a purchase and sale agreement. See *Stanchak* v. *Cliffside Park Lodge No. 1527 Loyal Order of Moose, Inc.,* 116 N.J. Super. 471, 479-481 (1971).

The judgment is therefore reversed; and, as the state of the record at the time summary judgment entered was not such as to

---

[3] It is, of course, open to a seller to make oral or written terms of employment with a broker which reserve to the seller the right to reject a buyer brought to attention by a broker for any reason and to condition the payment of a commission expressly upon closing.

[4] The *Lipis, Kinchla,* and *MacGregor* cases, although decided after *Tristram's Landing,* involved brokerage agreements entered into before the decision in that case. The new rule adopted in *Tristram's Landing* was stated to be prospective in operation, applying to "a[ny] brokerage agreement hereafter made." 367 Mass. at 630.

preclude other defenses to the plaintiff's claim,[5] the case must be remanded for further proceedings consistent herewith.

*So ordered.*

---

[5] To clarify any uncertainty with respect to underlying contractual principles, in particular the distinction between (1) the brokerage contract between the seller and the broker, which is normally unilateral and need not be in writing, and (2) the purchase and sale agreement between the seller and the buyer, which is bilateral and must be in writing to be enforceable, the parties are directed to *DesRivieres* v. *Sullivan,* 247 Mass. 443, 446 (1924); *Bartlett* v. *Keith,* 325 Mass. 265, 267-268 (1950); and, generally, 1 Corbin, Contracts § 50 (1963).