Hershfang, J.
Among the trial judge’s five pages of careful and extensive findings of fact were the following: the plaintiff had established a course of dealings with Liberty Mutual; it had a practice known to Liberty Mutual of relying on the collision coverage of its lessee’s (here Clouden’s) insurance policy; Liberty Mutual had specifically told plaintiff that Clouden’s policy was in effect; and Liberty Mutual failed to notify plaintiff that payment on that policy was in arrears and the policy was to be cancelled. Thus, although the judge found that at the time of the loss the policy between Clouden and Liberty Mutual was n ot in force, citing, inter alia, Rae v. Air-Speed, Inc., 386 Mass. 187, 192 (1982) the judge found for plaintiff for $2,550.
Liberty Mutual had filed five requests for rulings. Only one concerns us here, namely a request for “a finding for [Liberty Mutual] against the plaintiff.” The trialjudge responded to that request this way: “This request calls for afinding of fact unless defendant is suggesting that the court is required to find in its *127 favor, in which case the request is denied.” Liberty Mutual’s draft report was thereafter disallowed “because there are no questions of law to report to the Appellate Division.” Liberty Mutual has petitioned to establish its draft report. The petition is denied.
1. The simple and only necessary response to Liberty Mutual’s petition is that its denied request, Liberty Mutual’s sole basis for seeking to have its draft report established, is manifestly defective. Indeed, with commendable candor Liberty Mutual’s counsel acknowledged at the hearing on its petition to establish the draft report that the denied request is akin to a request (a prayer, actually) “please decide for us and not for them.” Such a request (or prayer) has not served the purpose of the request for rulings process — to direct attention of the trial judge to principles of law applicable to the case. Thus, such requests ought not be encouraged. The judge does his full duty when he makes rulings of law on proper requests, and decides the case." Liberatore v. Town of Framingham, 315 Mass. 537, 543 (1944).
2. Nor was Liberty Mutual otherwise without proper recourse to press its contention that the judge’s ultimate finding for plaintiff was inconsistent with the judge’s finding that the policy of insurance between the two defendants was not in force on the date of the theft loss. Even if Liberty Mutual did not timely move for a directed finding on its behalf on the excuse it could not have known how the judge would conclude with respect to the insurance policy, it should have moved within ten days for amended findings or a new trial under Dist./Mun. R. Civ. P., Rules 52 and 59. One of the manifest purposes of those, rules is to allow the parties to raise and correct possible error.
3. By virtue of Dist./Mun. R. Civ. P., Rule 64 (1) (2), the draft report is to follow the model (Form 33) printed at the end of the rules. One of its requirements is that the report conclude with the statement that it contains all the evidence material to the question presented. Failure to have included that representation had historically been grounds to dismiss the report. See, e.g. Newton v. Melvin, 330 Mass. 355, 357 (1953). More recently, dismissals “for this reason alone” have been viewed “without enthusiasm”. Comfort Air Systems, Inc. v. Cocopardo, 370 Mass. 255, 259 (1976). In this case, however, the defect is not one which would catch only the persnickety eye. At the hearing on the petition to establish, plaintiffs counsel pointed to testimony of several communications between plaintiffs employee and Liberty Mutual which supported the trial court’s findings, facts that are not included in the draft report. Those facts further discredit Liberty Mutual’s contention of inconsistent findings. In any event, the draft report thus not only lacks a representation of completeness, but is in fact incomplete. And where, as here, Liberty Mutual had other ways and opportunities of seeking clarification or correction of any error it perceived the trial judge had committed here, there is little encouragement to overlook or correct Liberty Mutual’s own noted deficiencies. See Liberatore v. Town of Framingham, 315 Mass. 538, 543 (1944).
' Petition denied.