C. F. NOYES NATIONAL REALTY CORPORATION *vs.* KINNELL REALTY CORPORATION.

Berkshire. September 15, 1931. — November 30, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Broker*, Commission.

In an action by a broker against an owner of land for a commission for procuring a purchaser of the land, there was evidence that a customer procured by the plaintiff made an offer and a deposit against the purchase price; that subsequently, upon learning of a mistake by the defendant in stating the date of the expiration of a lease of the land and the amount of rent payable thereunder, he declined to purchase and his deposit was returned to him; and that, although the customer testified that when he made the deposit the transaction was closed so far as he was concerned, the terms of a mortgage to be placed on the land and the date for the passing of papers had not been settled at the time the deposit was returned. The plaintiff contended that he procured a purchaser and that the cause of the failure to complete the bargain was the misrepresentations of the defendant concerning the date of the expiration of the lease of the premises and in stating the amount of the rent. *Held*, that the plaintiff could not recover, since the defendant and the customer had not come to an agreement as to terms of sale: the plaintiff had not procured a customer able, ready and willing to buy on the terms specified by the defendant.

CONTRACT. Writ dated April 14, 1930.

The action was heard without a jury in the Superior Court by *W. A. Burns*, J. Material evidence is stated in the opinion. The judge refused the following rulings, among others, requested by the defendant:

"7. There is no evidence that the customer procured by the plaintiff and offered by the plaintiff to the defendant, was able, ready and willing to purchase said property on terms given by the defendant to the plaintiff.

"8. There is no evidence that Philip J. Schnee was able, ready and willing to purchase the defendant's property on the terms given by the defendant to the plaintiff."

"11. Upon all the law and the evidence there must be a finding for the defendant."

There was a finding for the plaintiff in the sum of $4,121.06. The defendant alleged exceptions.

*F. M. Myers*, for the defendant.

*M. B. Warner*, for the plaintiff.

CARROLL, J. This is an action of contract to recover a broker's commission for the sale of real estate. The plaintiff contends that it procured a purchaser, that the cause of the failure to complete the bargain was the misrepresentations of the defendant concerning the date of the expiration of the lease of part of the premises and in stating the amount of income and expenses. The judge who heard the case, without a jury, found for the plaintiff. The defendant excepted to the judge's refusal to give certain requests for rulings. The negotiations were carried on by agents of the plaintiff and defendant, who will hereinafter be referred to as the plaintiff and the defendant respectively.

There was evidence that Abraham C. Schnee became interested in the purchase of the real estate through the efforts of the plaintiff. Schnee testified that he made an offer of $155,000 for the property and paid $1,500 to be credited on the purchase price. Papers were sent to him by the plaintiff, as the basis of the contract. A letter, dated March 15, 1929, from the defendant to the plaintiff was shown to him, which stated in effect that the defendant was mistaken in the date of the expiration of the lease in question and the

amount of rent payable thereunder. Schnee testified that, because of the information in this letter of March 15, he was unwilling to purchase. The $1,500 was returned to him. On cross-examination he testified that between November, 1928, and the time of his payment of the $1,500, he supposed the income and expense were as stated by the defendant in Exhibit 2. He was questioned in reference to a written contract and said, "the contract [was] looked to as binding the bargain between him and the" defendant. He further testified that he was able, ready and willing to buy the property. No contract was signed and the transaction was abandoned.

The negotiations for the sale of the real estate were largely by letters and telegrams. It seems that there was a misunderstanding between the parties respecting the time the first mortgage was to run and the rate of interest thereon. Finally, after the defendant had explained that the savings bank, the proposed mortgagee of the $75,000 mortgage, would not consent to a time mortgage and would not consent to the permanency of the rate of interest, the plaintiff wrote, on March 8, asking for additional information about the property, and the defendant replied on March 15, stating the papers for the drawing of the contract would be sent the next day. On March 23 the plaintiff informed the defendant that, owing to the error in the statement of the plaintiff in reference to the lease and the income, Schnee would not pay more than $145,000. The negotiations then came to an end.

Aside from the error in the income and the extent of the term for which the lease was to run, we do not think the correspondence between the defendant and plaintiff shows that the purchaser and defendant had finally agreed on the terms of sale when the negotiations came to an end. The plaintiff in his telegram of March 6 desired that the first mortgage of $75,000 should run for ten years at five and one half per cent. It also appeared that the defendant sent the plaintiff a memorandum of contract which provided that the conveyance was to be made in thirty days from date. In answer to the telegram requesting that the $75,000 mortgage should run for ten years at five and one half per cent the

defendant answered that the savings bank would not agree to a time mortgage, nor agree to the permanency of the rate of interest. In the letter of March 8, replying to the defendant, the plaintiff stated the "form of contract" sent by the defendant had been received. This letter also stated that the purchaser desired other information which would enable him to prepare a more definite contract; and that the plaintiff desired four months' time before closing the contract and "definite information as to who was placing the first mortgage, the term of said mortgage and the interest." The letter concluded, "As soon as you can secure the above information for me, I will get to work on this matter and have the contracts signed promptly."

The terms of sale were not definitely agreed upon at this time. The terms of the first mortgage were not assented to by the plaintiff or his purchaser. Schnee desired a mortgage running for ten years at a fixed rate of interest. The defendant had not agreed to these requests; the savings bank would not give a time mortgage at a permanent rate of interest. The plaintiff asked for other information which would enable the purchaser to prepare a more definite contract. When the negotiations came to an end, the terms of the mortgage and the time for concluding the contract were not agreed to.

We are of opinion that the correspondence shows that when the proposed bargain came to an end the plaintiff had not procured a customer able, ready and willing to buy on the terms specified by the defendant. The parties never came to a final agreement about the terms of the $75,000 mortgage, nor did they finally agree as to the time when the bargain was to be concluded. These matters were considered of importance by the parties. The plaintiff stated in a letter of March 8, 1929, referring to a date later than in thirty days for the completion of the contract, that he "would want that incorporated in the contract." The parties had not finally agreed. The contract was not completed, and until the terms of the proposed bargain were agreed to the broker had not earned his commission. *Doten*

v. *Chase*, 237 Mass. 218. *Goldstein* v. *Ziman*, 259 Mass. 430. *Flax* v. *Sovrensky*, 262 Mass. 60. *Goldman* v. *Goodman*, 265 Mass. 347, 349. *Kaufman* v. *Lennox*, 265 Mass. 487, 489. *Zakszewski* v. *Kurovitzky*, 273 Mass. 448.

Although Schnee testified that when he gave the check for $1,500 the transaction was closed so far as he was concerned, the letters of the plaintiff, written after .the check had been sent to the defendant, show that the agreement was not completed and its terms agreed upon when the dispute arose about the lease and the amount of receipts and expenses. The plaintiff's letter to the defendant of March 8 indicated that the plaintiff was at that time satisfied with the conditions stated by the defendant; but the subsequent letters, before any bargain was completed, show that the parties had not agreed on the details of the mortgage or upon the time for completing the proposed bargain.

As the parties did not reach a complete understanding, we have not considered the question whether they intended that the agreement should be put in permanent form of a written contract as a binding obligation. The evidence did not warrant a finding for the plaintiff. The seventh, eighth and eleventh requests of the defendant should have been granted.

*Exceptions sustained.*
*Judgment for the defendant.*