WAYLAND P. BLOOD *vs.* DONALD JENKINS.

Middlesex.    November 12, 1942. — December 30, 1942.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Broker,* Commission.

A conversation between a broker and the owner of real estate showing merely a disagreement between them as to the rate of commission the broker should receive in case of a sale to a prospective customer whom the broker had procured did not require a finding that the relation of broker and owner had been terminated, nor preclude the broker from recovering the value of his services upon such a sale being made.

CONTRACT. Writ in the Superior Court dated January 25, 1939.

The declaration was in two counts, the first for $520 upon an account annexed for "services rendered in re selling and/or endeavoring to sell real estate owned by the defendant . . . as per agreement"; and the second on an express contract by the defendant to pay the plaintiff as broker four per cent of the sale price on any sale of the property.

The case was tried before *Donahue,* J., and in this court was submitted on briefs.

*W. I. Norton & R. S. McCabe,* for the defendant.

*J. R. Spence & G. J. Barry,* for the plaintiff.

LUMMUS, J. This is an action brought by a real estate broker to recover a commission upon the sale to one Lewis of a house owned by the defendant. In 1938 the plaintiff inquired of the defendant what he was asking for the house, and the defendant said $14,500. Later, on December 3, 1938, the plaintiff told the defendant that Lewis was looking for a house and that he wanted to show Lewis the defendant's house. Getting a key from the defendant, the plaintiff showed Lewis the house. The price discussed was $14,500, but Lewis did not wish to pay as much, and the plaintiff suggested that the house might be bought for less. During the next week the defendant telephoned the plaintiff that Lewis had offered a smaller price, and that the defendant would have to come down in his price and the plaintiff would have to take a smaller commission than the prevailing four per cent. The plaintiff refused to accept less. Later, the plaintiff learned that the defendant had sold the house directly to Lewis for $13,000.

At the trial, the jury returned a verdict for the plaintiff for $500. The case is here on the defendant's exceptions to the denial of his motion for a directed verdict and to the denial of his motion for a verdict under reserved leave.

Although the defendant objected to paying a commission at the prevailing rate in case of a sale for less than $14,500, the relations between the parties were not terminated. Lewis was still the plaintiff's customer, and the plaintiff still could expect a commission if his efforts should result in a sale to Lewis. Whether they did so result was, on the evidence, a question for the jury. The fact that

the defendant chose to accept from Lewis a less price than that given to the plaintiff, did not deprive the plaintiff of his right to a commission. *Holton* v. *Shepard*, 291 Mass. 513. *Green* v. *Warren Institution for Savings*, ante, 307. *Beck* v. *Warren Institution for Savings*, ante, 315. Even if the plaintiff was not entitled to the full prevailing commission of four per cent, the amount to which he was fairly entitled was for the jury. The amount awarded was less than four per cent.

*Exceptions overruled.*