ARTHUR LACOMBE & another *vs.* ODILON MARTIN.

Bristol.     October 29, 1945. — January 31, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Broker*, Commission.

A real estate broker was not shown to have earned a commission for procuring a purchaser for a parcel whose owner originally asked a certain cash price and later insisted on the additional term that such price should be free of commission, as a result of which negotiations with a prospective purchaser procured by the broker terminated without any agreement being made, where the evidence did not warrant a finding that the prospective purchaser was ready, able or willing to pay such price in cash or that, even if he were, his readiness to do so had been communicated to the landowner before he insisted on the additional term.

CONTRACT. Writ in the Third District Court of Bristol dated May 6, 1944.

The case was heard by *Potter*, J.

In this court the case was submitted on briefs.

*G. H. Young*, for the plaintiffs.

*P. Barnet*, for the defendant.

QUA, J. In this action to recover a commission for procuring a purchaser for the defendant's real estate in New Bedford the trial judge found for the plaintiffs, but the Appellate Division ordered judgment for the defendant. The plaintiffs appeal.

On the issue whether the plaintiffs produced a customer ready, willing, and able to buy on terms satisfactory to the defendant the evidence in its aspect most favorable to the plaintiffs tended to show that the plaintiffs interested one Frechette in the property; that the defendant said he would let the property go for $8,000; that one of the plaintiffs told the defendant's wife that "the Frechettes would pay $8,000"; that the defendant's wife arranged for the parties to meet at an attorney's office "to have an agreement drawn for the sale of the property and to make sure that they were

to receive '$8,000 cash'"; that thereafter there was further talk between the plaintiffs and the defendant in which the defendant said he wanted it understood before he went to the attorney that he was to have $8,000 in cash, but one of the plaintiffs said that the defendant was "supposed" to pay the commission; and that the plaintiffs refused to go to the attorney's office "under those conditions." So far as appears this was the end of the matter, and no agreement was drawn up.

The defendant's price of $8,000, whether a commission was to be paid out of it, as the plaintiffs insisted, or whether it was to be net to the defendant, as he seems to have insisted, in the absence of any other qualification upon it, was an offer to sell for cash down in full. *Lawrence* v. *Rosenberg,* 238 Mass. 138, 141. There was no evidence that Frechette ever in fact made to the defendant or to the plaintiffs an offer of $8,000 cash down, whatever one of the plaintiffs may have told the defendant's wife "the Frechettes would pay." There was no evidence that the defendant's wife was the defendant's agent to receive offers coming through the plaintiffs. There was no evidence that Frechette had more than $4,200 in cash or that he could get the remaining $3,800. A finding was not warranted that Frechette was ready, willing, and able to pay $8,000 in cash. Even if such a finding could have been made, there would still have been no evidence that Frechette's readiness to pay that sum in cash had been communicated to the defendant before the defendant had insisted that he receive the $8,000 free of commission. In short, the evidence would not warrant a finding that the plaintiffs had ever produced a purchaser ready, willing, and able to buy on terms satisfactory to the defendant. The defendant's request numbered 6 should have been granted. [1] *Elliott* v. *Kazajian,* 255 Mass. 459. *Flax* v. *Sovrensky,* 262 Mass. 60. *Zakszewski* v. *Kurovitzky,* 273 Mass. 448, 450. *C. F. Noyes National Realty Corp.* v. *Kinnell Realty Corp.*

[1] This request was as follows:

"So long as the terms of the alleged agreement to sell the defendant's premises remained in a state of qualified acceptance, the plaintiffs did not produce a customer ready, willing and able to become the purchaser of the premises on defendant's terms."

277 Mass. 175. *Siegel* v. *Brockton Savings Bank,* 312 Mass. 614.

Some of the trial judge's findings lead us to suspect that there may have been more evidence on some points than appears in the report, but the report states that it contains all the material evidence, and we can make no use of findings that go beyond the evidence reported.

*Order of Appellate Division affirmed.*