JOHN CONEY *vs.* BROOKLINE SAVINGS BANK.

Suffolk. May 11, 1951. — June 27, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Broker,* Commission. *Proximate Cause.*

A finding that a real estate broker was the efficient cause of a sale of property and was entitled to a commission was warranted by evidence that after the broker had been hired by a bank to sell the property a prospective purchaser interested by the broker negotiated with the bank and eventually, without the broker being present at the final bargain, purchased all the bank's interest in the property for himself or for someone for whom he was acting.

CONTRACT. Writ in the Superior Court dated December 23, 1946.

The action was tried before *Beaudreau,* J.

*I. Bernstein,* for the plaintiff..

*H. D. White,* for the defendant.

LUMMUS, J.   This is an action of contract brought by a real estate broker to recover a commission on the sale of real estate of the defendant in Boston.   The only question arises on the exception of the plaintiff to the action of the judge in directing a verdict for the defendant.

The evidence material to that question was in substance the following.   In June, 1945, the plaintiff talked with one Bessey, the treasurer of the defendant, about procuring a purchaser for the real estate in question, the building on which was then an old building "boarded up."   The treasurer told the plaintiff to "go ahead and sell it," naming the price as $2,500.   The plaintiff showed the property to one Frank, who said that he was interested.   Frank, in the presence of the plaintiff, offered the treasurer $1,500, but the treasurer rejected the offer.   After they left the defendant's bank, the plaintiff urged Frank to offer $2,300, and Frank told the plaintiff he thought he might get it for $2,000.   Later Frank went to the bank alone.   Still later the plaintiff saw Frank repairing the property, and Frank told the plaintiff that the latter had "put the thing over," meaning that Frank had bought it.   The plaintiff went to the bank and asked for his commission, but the treasurer said that Frank had bought the property only "as a straw."

The defendant does not contend that the treasurer lacked authority to contract with the plaintiff as a broker for the defendant.   There was evidence that the defendant did employ the plaintiff as a broker.   The treasurer knew that the plaintiff was a broker, having dealt with him as such before, and does not contradict the plaintiff's testimony that the treasurer told him to sell the property "before they tore it down."   There was evidence that the defendant agreed with Frank for the sale and purchase of the property.   It was not made clear whether the defendant owned the fee or only a mortgage.   But a defendant may be liable to pay a broker employed by him even though he had no title at all.   *Monk* v. *Parker*, 180 Mass. 246, 247–248.   *Libby* v. *Smith*, 293 Mass. 465, 468.   *Isenberg* v. *Williams*, 306 Mass. 86, 88. There was evidence that the efforts of the plaintiff were the

efficient cause of the sale of the property to Frank or to someone for whom Frank was acting, whereby the defendant disposed of whatever interest it had in the property. The fact that the plaintiff was not present at the final bargain does not impair his right to recover. *Blood* v. *Jenkins,* 312 Mass. 691. *Corleto* v. *Prudential Ins. Co.* 320 Mass. 612, 617. *Siegel* v. *Lowe, ante,* 154.

*Exceptions sustained.*