DANIEL L. McKALLAGAT *vs.* GIOVANNI LACOGNATA.

Essex.    December 5, 1956. — January 31, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Broker*, Commission.

A real estate broker employed to procure and promised a commission for
procuring a customer ready, able and willing to buy on the employer's
terms land and a building thereon and a restaurant conducted in the
building became entitled to the commission upon procuring such a
customer, even if the employer was not the owner of the properties
and even though no sale of the properties to the customer resulted.

CONTRACT.    Writ in the District Court of Lawrence dated
June 16, 1955.

The action was heard by *Williams, J.,* who found for the
plaintiff in the sum of $1,000 and interest.

*Joseph C. Campione, (John F. McCormick* with him,) for
the defendant.

*Maurice Rappaport,* for the plaintiff.

COUNIHAN, J.    This is an action of contract brought in a
District Court in which the plaintiff seeks to recover a com-
mission for procuring a customer for the defendant's interest
in certain real and personal property in Lawrence.    The
judge found for the plaintiff and upon a report to it, claimed
by the defendant, the Appellate Division sustained the
findings and rulings of the judge and dismissed the report.
There was no error.

There was evidence as follows:    On or about June 9, 1955,
the plaintiff, a real estate broker, called upon the defendant
to discuss the sale of a parcel of land with the building
thereon numbered 102–116 Essex Street, Lawrence, and a
restaurant in the building conducted by Capri Cafe, Inc.,
a corporation.    It is not entirely clear from the record
whether the defendant or the corporation owned the land

and building but the defendant was the president, treasurer, and owner of all the stock in the corporation.

After some discussion and a visit to one Freedman the defendant promised to pay the plaintiff a commission of $1,000 if he procured a customer who would pay $50,000 for the properties. Freedman told the defendant that he would buy at that price. The next morning they met at the office of the lawyer for Freedman. There were present, besides the principals, Freedman's lawyer and accountant, and the defendant's lawyer. At this meeting all of the terms and conditions of the sale were agreed upon including the payment of an additional $250 by Freedman for the unexpired term of the liquor license.

Later that day the plaintiff gave the defendant a letter signed by Freedman which reads as follows: "Relative to the purchase of Capri Cafe, Inc., I offer the sum of Fifty Thousand Two Hundred Fifty and no/100 ($50,250.00) Dollars for the purchase of the building and all assets of the corporation if suitable terms and conditions can be agreed upon. I am submitting to you my check in the amount of Twenty-five Hundred ($2,500.00) Dollars as a binder for this agreement, said check to be returned to me if an Agreement in writing is not signed by the proper parties on or before June 15, 1955." The defendant then signed this letter individually and as president of the corporation, accepting the terms set forth therein. A day or two later the defendant notified Freedman that "the deal was off" and he told the plaintiff that the restaurant was no longer for sale.

The judge expressly found that the defendant employed the plaintiff to procure a customer for the properties above referred to for the sum of $50,250 and promised that, upon the production of a customer for that price who was ready, able, and willing to buy, he would pay the plaintiff a commission of $1,000. He further found that the plaintiff did procure Freedman who was ready, able, and willing to buy at that price but that the sale was never consummated between the defendant and Freedman. He further found that the plaintiff had performed all the terms of his employment.

The defendant duly presented thirteen requests for rulings which we do not deem necessary to recite. Most of the requests were denied as contrary to the findings of facts by the judge. None of them involved any question of law except as hereinafter discussed.

The defendant argues that the plaintiff is not entitled to recover because it is not clear from the evidence that the defendant was the owner of the properties. "But a defendant may be liable to pay a broker employed by him even though he had no title at all." *Coney* v. *Brookline Savings Bank*, 327 Mass. 527, 528.

He further insists that the clause "if suitable terms and conditions can be agreed upon" in the letter of June 10, 1955, indicates that no definite agreement to purchase upon the defendant's terms had been made by Freedman. However, the plaintiff was only hired to procure a customer ready, able, and willing to buy on the defendant's terms, and the finding of the judge that he had done so is conclusive on this point. The judge might well have concluded that the purpose of this letter was merely to formalize what the parties had already agreed upon or that a written agreement was desired by Freedman to protect him if the defendant withdrew from the deal and later relied upon the statute of frauds.

It is plain from the evidence recited in the report and the findings of the judge that the defendant employed the plaintiff to procure a customer ready, able, and willing to buy on the defendant's terms. When the plaintiff has done this he is not required to show that a sale resulted or even that a written agreement of sale was ever entered into by the parties. This principle of law has been clearly established by so many of our cases that we only cite a few. *Barsky* v. *Hansen*, 311 Mass. 14. *Stone* v. *Melbourne*, 326 Mass. 372. *Driscoll* v. *Bunar*, 328 Mass. 398. *Palmer Russell Co.* v. *Rothenberg*, 328 Mass. 477. *Alphen* v. *Bryant's Market, Inc.* 329 Mass. 540. *Menton* v. *Melvin*, 330 Mass. 355. The cases relied upon by the defendant involved facts different from those in the case at bar.

We have examined all of the requests of the defendant and conclude that the judge acted correctly in disposing of them.

*Order dismissing report affirmed.*