*Northern District*

No. 5031

## ROY W. BAKER and ALEXANDER CERULLI, Co-partners, d/b/a BAKER REALTY CO.
### v.
## JOSEPH CATALANO and ROSALIE CATALANO

(February 8, 1957)

*Brooks, J.* This is an action of contract to recover a broker's commission for the sale of real estate. Count 1 declares on an express offer by defendant to pay plaintiffs $700 if plaintiffs secure a customer ready, willing and able to pay $14,000 for the property in question. Count 2 is on a count annexed for a brokerage fee *when* plaintiffs procure a customer at a price of $14,000 at 5%—$700. There is no allegation of fraud in either count.

Plaintiffs' testimony was that defendants employed them to procure a customer for the purchase of

certain real estate at a price which would *net* defendants $14,000; that he procured a customer ready, willing and able to purchase for $14,000 and that plaintiffs were therefore entitled to a commission of $700.

Defendants' testified that they told plaintiffs they could secure any price for the property they saw fit but that it must *net* defendants $14,000. They also testified that plaintiffs introduced the customer to them, who eventually bought the property.

The customer testified that she was introduced to defendants by plaintiffs, that she inspected the property, that while negotiations were going on, she went to see another real estate broker and "that after this Mr. Catalano (the male defendant) called me and I dealt directly with the defendants." She testified that she and her husband entered into a written agreement with defendants and that the papers were to pass March 23, 1952. There is no evidence as to whether papers were in fact passed and no evidence, either as to the price agreed upon between the customer and the defendants or the price paid if a sale took place.

Defendants filed the following requests for rulings, legal citations are omitted:

1. The testimony given by the plaintiff as to the terms of the offer made by the sellers to the plaintiff in his capacity as real estate broker was unambiguous, uncontradicted, not affected by other testimony except as it was corroborated by testimony of one of the defendants and is binding upon the plaintiff.

2. The defendants proposed to sell the property in question for a price which would net them fourteen thousand dollars ($14,000.)

3. There is no evidence that the plaintiff produced a buyer who was ready, willing or able to purchase the property in question at a figure greater than fourteen thousand dollars ($14,000) and the finding must be for the defendants.

4. There is no evidence that the plaintiff produced a buyer who became bound to the sellers by written contract under the terms of which the purchase price was such that the sellers could have paid any broker's commission and at the same time net fourteen thousand dollars ($14,000), and the finding must be for the defendants.

The court made the following findings and rulings:

"I find that the plaintiff's efforts were the efficient cause of the sale of the premises involved and that the defendants acted in bad faith with a design to avail themselves of the plaintiff's services without paying him.

"I, therefore, find for the plaintiff on Count 1 and deny all the defendants' requests for rulings as being inapplicable to the facts as found.

"The plaintiff's requests have not been passed upon in view of the findings."

The defendants claimed to be aggrieved by the court's action in making the findings of fact as set forth in the court's written "Findings and Rulings" and by the court's rulings of law.

The picture presented by the pleadings and the testimony include the following: a declaration alleging an agreement to pay $700 if plaintiff procures a customer ready, able and willing to pay $14,000 for the property; testimony of both plaintiffs and defendants that the agreement between the parties was for payment of a commission provided the purchase price *netted* defendant $14,000; testimony of one plaintiff that he procured a purchaser ready, able and willing to pay $14,000; testimony of a plaintiff and the customer that during negotiations, without notifying plaintiffs, the customer conferred with another broker then dealt directly with defendants, with whom they signed an agreement for purchase; no evidence of purchase price paid or agreed to be paid between customer and defendant; no evidence of any actual sale. That is to say, the declaration is at variance with the admitted agreement between

plaintiffs and defendants which agreement plaintiffs admittedly did not perform.

1. On this state of facts alone, plaintiffs would not be entitled to recover, not having produced a customer ready, able and willing to purchase on defendants' terms. *Dragone v. Dell'Isola*, 332 Mass 11. But the court found plaintiff to be the efficient cause of the sale and in addition that defendants were guilty of bad faith. *Holton v. Shepard*, 291 Mass. 513, 522. The report does not disclose an actual sale which is perhaps not important if an agreement for purchase and sale was executed, *Menton v. Melvin*, 330 Mass. 355; although ordinarily a signed agreement is not essential for recovery of a commission. *Chapin v. Ruby*, 321 Mass. 512. Also, the report discloses nothing regarding bad faith except that defendant, after plaintiffs had introduced the customer to them, completed negotiations on an undisclosed basis with or without the aid of another broker. Possibly the finding of bad faith was justified but see *Elliott v. Kazajian*, 255 Mass. 459, 464. *Kacavas v. Diamond*, 303 Mass. 88, 93.

2. Were there evidence of the price for which the property had sold or was to have been sold, there might be a basis for a plaintiffs' finding in view of the court's finding that plaintiff was the efficient cause of the sale and had been unfairly deprived of a commission. *Blood v. Jenkins*, 312 Mass. 691. *Drake v. Sweet*, 325 Mass. 542. *Morad v. Haddad*, 329 Mass. 730, 734. However, evidence of price is obviously essential for computation of plaintiffs' commission.

The report alleges that it contains all the evidence material to the question reported. The report is entirely lacking in evidence of sales price unless the court's finding that defendants owed plaintiffs $700 commission constitutes such evidence. We do not think it does. On the somewhat confused situation arising out of the pleadings and the evidence, the amount of the commission might have been errone-

ously arrived at. We therefore order judgment for plaintiffs to be vacated and the case remanded for a new trial. Since there are some other aspects of the case not free from doubt, we do not limit the re-trial to the question of damages.

Henry Santosuosso, for the plaintiffs.

Albert W. Wunderly, for the defendants.