*Southern District*

No. 25702

**GEORGE A. BENWAY, JR.**

v.

**JOHN P. PINTO and
TREZA V. PINTO**

Argued: Sep. 18, 1968 Decided: Nov. 12, 1968

*Present:* Nash, C.J., Cox, Lee, JJ.

Case tried to *Horrocks, J.* in the First District Court of Barnstable No. 25702.

*Cox, J.* This is an action of contract by a licensed real estate broker to recover a commission. There was a finding for the plaintiff in the sum of $4,000. against John P. Pinto and for his wife, the defendant Treza V. Pinto.

The defendant claims to be aggrieved for two reasons, first, because, he contends, the judge was not consistent in allowing the defendant's first two requests for rulings and then finding for the plaintiff, and second, because of the denial of the defendant's request number 3.

The requests and the justice's disposition of them are as follows:

"1. Under the usual broker's agreement, the broker, to recover his commission, is re-

quired to prove only that he produced a customer ready, willing and able to pay upon the terms specified by the owner. *(Allowed)*.

"2. In order for the broker to recover a commission under such an agreement the customer produced must be ready, able and willing to comply with all the terms and conditions specified by the owner in his employment of the broker. *(Allowed)*.

"3. The provision inserted in the sales agreement, tendered by the plaintiff to the defendants, that the offer to purchase therein contained was 'contingent on the buyer obtaining a conventional mortgage at his terms...' contradicts the allegation in the declaration that 'that the plaintiff produced a customer who was ready, able and willing to buy' upon the terms and conditions fixed by the defendants; wherefore the plaintiff cannot recover in this action. *(Denied, this provision is negated by the fact that the customer was a person of means and could have even purchased without a mortgage.)*"

In early 1967 the plaintiff Benway saw a "for sale" sign on land in Mashpee. Because he had a customer who was interested in the land he made efforts to locate the owner. He ascertained that the defendant and the defendant's wife were the owners and that they lived in New York State. He called Pinto on the telephone, introduced himself and inquired his asking price for the land. Pinto stated

that he wanted $40,000.00 clear. The plaintiff told Pinto he would discuss the matter with his customer. On April 29, 1967 the plaintiff wrote Pinto stating that he had an offer of $40,000.00, that he wanted a commission of ten per cent and requested Pinto to accept $36,000.-00 "clear". Pinto did not reply to the letter. On May 7 the defendant called Pinto on the telephone and asked him if he had considered the offer of $36,000.00 net. Pinto replied that he still wanted $40,000.00 clear.

On May 10, 1967 the plaintiff was able to persuade his customer, one Fitzgerald, whom, the justice found, was ready, able and willing to purchase the land, to offer $44,000.00 The plaintiff obtained a "binder" of $4,400.00 and then sent a telegram to Pinto advising him of the offer. On the same day Pinto called an attorney in Falmouth and requested him to forward the necessary papers. There was evidence that on May 10, the plaintiff prepared a sale and purchase agreement and delivered it to Pinto's attorney. It bore the signature of Fitzgerald. It stated the sale price of $44,000.-00 and the $4,400.00 deposit. It provided that $39,600.00 was to be paid in cash upon delivery of the deed. The form of agreement also contained the provision "that this *agreement* is contingent on the *buyer* obtaining a conventional mortgage at his terms and if he is unable to do so any payment made by him under

this agreement shall be refunded and all obligations of either party shall cease."

The justice found that after May 10 Pinto did not contact his attorney and that the plaintiff was forced to return the binder to Fitzgerald in June. His decision states "On all the evidence I find that the plaintiff did produce a customer, ready, willing and able to buy on the defendant's terms. I find that the defendant John P. Pinto's conduct in placing a sign on the property, discussing the matter with the plaintiff on two occassions on the phone was such that he realized the plaintiff was working in his behalf. I do not believe the testimony of the defendant John P. Pinto that he wanted $45,000.00 clear.

"On all the evidence I find that the plaintiff is entitled to a commission from the defendant John P. Pinto."

The defendant's first contention is that the finding for the plaintiff is inconsistent with the allowance of the defendant's request for rulings numbers 1 and 2. That contention is made because of the condition unilaterally inserted in the plaintiff's draft of agreement with reference to obtaining a mortgage on the buyer's terms. But that contention is not available to the defendant on this report. "Where a general finding is inconsisitent with a ruling which has been made, the inconsistency may be remedied either by a motion to correct the ruling or by a motion for a new trial." *Biggs*

v. *Densmore,* 323 Mass. 106, 108-109. *E. A. Strout Realty Agency, Inc.* v. *Gargan,* 328 Mass. 524, 528. The defendant employed neither remedy. Besides, the requests correctly stated the law. However, on the merits we see no inconsistency for reasons which will appear in considering the defendant's other contention relating to the denial of his requested ruling number 3 which we now consider.

The justice found that the plaintiff inquired of Pinto what he was asking for his land and that Pinto replied that he wanted $40,000.00 *clear.* No other terms or conditions were discussed. He found that the plaintiff did produce a customer, ready, willing and able to buy on the defendant's terms and that the plaintiff is entitled to a commission.

 It is familiar law that to recover a commission a broker ordinarily is required to prove only that he produced a customer who was ready, able and willing to purchase on the seller's terms.

 His right to a commission is not affected by the failure of a customer and seller to enter into a binding agreement or by the refusal of the seller to carry out the transaction. *Barsky* v. *Hansen,* 311 Mass. 14, 16. *Chapin* v. *Rubin,* 321 Mass. 512, 515, and cases cited. The quotation is from *Drake* v. *Sweet,* 325 Mass. 542, 544-545. In that case the owner of a house told the broker if you can find me a customer who will pay $25,000. *net to me,* irrespective of your

commission, you may list it and show it. The price in that case was later increased to $35,-000. *including commission.* There was another condition in that case which the owner had imposed, that he would have to find a place to live in before he would sell his house. The customer also had stipulated that the kitchen would have to be painted. The court observed "If the only terms of the plaintiff's employment were that he was to find a customer ready, able and willing to purchase the property for $35,000., then the plaintiff on showing that he had procured such a customer would have made out a case. But those were not the only terms of the employment." The similarity of the terms of the listing to that in the case at bar, except for the condition and stipulation referred to, is apparent. Except for the condition which the owner had imposed about finding a house and the customer's stipulation that the kitchen should be painted, there would have been a recovery of a commission by the broker. See also *McKallagat* v. *LaCognata,* 335 Mass. 376.

The commission in this case could be found to have been earned because the plaintiff found a buyer who would and could pay the defendant's price. The later submission of a draft of agreement contingent upon Fitzgerald finding a mortgage "at his terms" is inconsequential. The commission was already earned.

The plaintiff's right to a commission is not affected by the failure of Pinto and Fitzgerald to enter into a binding agreement, or by the refusal of the seller (Pinto) to carry out the transaction. *Drake* v. *Sweet,* 325 Mass. 542, 544-545 and cases cited. See also *McKallagat* v. *LaCognata,* 335 Mass. 376. *Sherman* v. *Briggs Realty Co.,* 310 Mass. 408, 413. *Lieberman* v. *Cohn,* 288 Mass. 327, 330. For cases where a sale was necessary before a commission was recoverable see *Munroe* v. *Taylor,* 191 Mass. 483. *Noyes* v. *Caldwell,* 216 Mass. 525. *Staula* v. *Carrol,* 312 Mass. 693. *Rich* v. *Mezzetti,* 323 Mass. 669. The justice was not required to find that the plaintiff's offer to sell was a qualified one dependent upon the settling of the details of the bargain and incorporating them in a formal agreement. *Chapin* v. *Ruby,* 321 Mass. 512, 515. See also *Walker* v. *Russell,* 240 Mass. 386, 390. *Green* v. *Levenson,* 241 Mass. 223, 224. *Lieberman* v. *Cohn,* 288 Mass. 327, 330. *Sherman* v. *Briggs,* 310 Mass. 408, 413. *Drake* v. *Sweet,* 325 Mass. 542, 545. There was no error in denying the defendant's request number 3 which is predicated upon the draft of the sale and purchase agreement submitted after the commission could be found to have been already earned. The report is to be dismissed.

Dismissal of the report is also required "on the ground that the report failed to state that it contained all the evidence material to the questions reported." Rule 28 of the Dis-

trict Courts (1965), and Draft Report Model, page 31. *Cincevich* v. *Patronsky,* 304 Mass. 679. See also *Todd* v. *MacLeod,* 188 Mass. 144, 146. *Hall* v. *Smith,* 283 Mass. 166, 167. *Irving* v. *Bonjorno,* 327 Mass. 516, 518. *Menton* v. *Melvin,* 330 Mass. 355, 357.

DANIEL J. FERN (FERN & ANDERSON)
 of Hyannis for the plaintiff
JOSEPH BEECHER
 of Hyannis for the defendants.