Simon COHN & Gerald LEVITCH d/b/a
COHN and LEVITCH
vs.
Francis CONWAY & Sharon CONWAY

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

November 14, 1980

Geoffrey A. Wilson for the plaintiff.
Theodore J. Bobetsky for the defendant.

Present: Walsh, P.J.; Larkin, J.; Cimini, J.*

LARKIN, J. This is a contract action in which plaintiff seeks to recover from defendants a real estate broker's commission.

The evidence of record shows that an oral agreement was made between plaintiff and defendants under which plaintiff was retained to obtain a purchaser for their home. Plaintiff was to receive a commission upon consummation of the sale to be paid out of the proceeds.

In due course the plaintiff located a Mr. and Mrs. Godwin who orally agreed to purchase the defendants' property. Plaintiff sought to execute a purchase and sale agreement signed by all parties but failed to

---

★Judge Cimini, now retired, was present at the oral argument but did not participate in the deliberations or preparations of this Opinion.

do so when the Godwins indicated they were no longer interested in the property.

Subsequent to being told by plaintiff that the Godwins no longer desired to purchase their home the defendants terminated the plaintiff's authority to act as their agent.

Thereafter, a second broker, Eugenia Carter, was retained by the defendants. There was a passage of time and "a change in the economic circumstances" of the Godwins. Again, in due course, the Godwins looked at the subject property; this time under the aegis of the second broker, Carter. This time an agreement for the sale of the property was signed by the parties. A closing was held on June 16, 1978 and a commission was paid to Carter.

The question on appeal is whether the plaintiff, the original broker, is entitled to a commission where the sale was ultimately made to customers he had "introduced" to the property. On this record, that question must be answered in the negative.

Since 1975, the law relevant to real estate brokers' commissions in the Commonwealth has been changed by the principles articulated in **Tristram's Landing, Inc. v. Wait,** 327 N.E. 2d. 727 (1975). That case has, as its first requirement, the familiar "ready, willing and able" test as determined by previous cases, see, for example, **Benway v. Pinto,** 41 Mass. App. Dec. 13 (1968).

Prior to the termination of the oral agreement with the plaintiff, the Godwins were not "ready willing and able" to purchase on terms determined by the defendants. The record shows the Godwins were to purchase defendants' home on or before March 1, 1978. However, the plaintiff testified that on or about February 11, 1978, the Godwins informed him that they would not be able to purchase the property.

Obviously, the defendants wanted a purchaser who would not only enter into a binding purchase and sale agreement but who "was able to purchase and able to complete as well" **Tristram, supra,** at 731.

It is now familiar that the listing of property with a broker ordinarily amounts to no more than an offer for a unilateral contract which is revocable by the owner before it is accepted by the rendering of the performance requested. **Lattuca v. Gesolito,**

343 Mass. 747 (1962); **Pin and Marion v. Cloutier,** 23 Mass. App. Dec. 162 (1962). Shortly after the plaintiff was informed by the Godwins that they could not purchase the defendants' property he was contacted by the defendant, Mr. Conway, and was told he was no longer authorized to list or handle the property. As the plaintiff had done nothing more than show the house to the Godwins, he had not earned a commission at that point, and, his authority was effectively terminated.

As noted above, at no time did there exist a valid written agreement signed by all parties relating to the sale of the defendants' property by the plaintiff. Accordingly, the second requirement under **Tristram, supra,** at 731, that "the purchaser must enter into a binding contract with the owner to do so" was not fulfilled by the plaintiff in this case.

Lastly, in order for a broker to prevail, the purchaser must complete the transaction by closing title in accordance with the provisions of his contract. Here, although the Godwins did ultimately consummate a sale for the purchase of the residence at issue, they did so after the plaintiff's agency had been cancelled and in accordance with the terms of a contract which was executed some time after the plaintiff's authority to function as defendant's agent was revoked.[1]

In summary, then, we conclude that the defendants did not enter a binding contract with the purchasers on terms fixed by them prior to the termination of their agreement with the plaintiff and none of the proposed terms and conditions were met. The plaintiff did not, by his own testimony procure a purchaser who is ready, willing and able to enter a binding contract with the defendants. Plaintiff did not procure a binding contract nor the consummation of the sale pursuant to such a contract.

The **Tristram** case avoids the harsh result advocated by the plaintiff by placing the burden upon the broker to perform more than was previously necessary to earn a commission. The court in **Tristram** noted at p. 731, quoting from **Ellsworth Dobbs, Inc. v. Johnson,** 50 N.J. 528, 236 A.2d 843 (1967), the controlling case upon which **Tristram** was decided, that:

"ordinarily when an owner of property lists it with a broker for sale, his expectation is that the money for the payment of commission will come out of the proceeds of the sale . . . The houseowner wants to find a man who will actually buy his house and pay for it. He does not want a man who will only make an offer or sign a contract. He wants a purchaser able to purchase and able to complete as well."

On this record, plaintiff did not fulfill any of **Tristram's** requirements and, accordingly, the Judgment of the District Court of Franklin should be affirmed and plaintiff's report dismissed.[2]

So ordered.
William T. Walsh, J.
Larkin, J.

---

[1] A broker, who is unsuccessful in effecting a sale, does not become entitled to a commission upon the success of another broker. Ward v. Fletcher, 124 Mass. 224, 225 (1878). In the Tristram sense, the plaintiff took no part in procuring the contract that was executed by the defendants and purchasers, and no part in consummating the sale on June 16, 1978.

[2] We believe it essential to point out that there was no suggestion of "bad faith" on the part of the defendant — owners in this case. Had there been such a showing, then the instant result may have been different.